**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Brian Neil White, Appellant.

Appellate Case No. 2019-001971

---

Appeal From Richland County
DeAndrea G. Benjamin, Circuit Court Judge

---

Unpublished Opinion No. 2022-UP-451
Submitted November 1, 2022 – Filed December 14, 2022

---

**AFFIRMED**

---

Appellate Defender Susan Barber Hackett, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Jonathan Scott Matthews, both of Columbia, for Respondent.

---

**PER CURIAM:** Brian Neil White appeals his conviction of murder and sentence of thirty-eight years' imprisonment. On appeal, White argues the trial court erred by admitting a recording of a phone call into evidence that violated the Fourth Amendment to the United States Constitution and did not fall into the law

enforcement or consent exception to the Omnibus Crime Control and Safe Streets Act (the Act).[1]  We affirm.

We hold the trial court did not err in finding the recording was admissible under both the law enforcement and consent exceptions to the Act.  *See State v. Frasier,* Op. No. 28117 (S.C. Sup. Ct. filed Sept. 28, 2022) (Howard Adv. Sh. No. 35 at 12, 17) (explaining that appellate review of a motion to suppress based on Fourth Amendment grounds in South Carolina is a two-step analysis where 1) the trial court's factual findings are reviewed for any evidentiary support and 2) whether reasonable suspicion exists is a question of law subject to de novo review); *State v. Baccus,* 367 S.C. 41, 48, 625 S.E.2d 216, 220 (2006) ("The trial [court's] factual findings on whether evidence should be suppressed due to a Fourth Amendment violation are reviewed for clear error."); *State v. Butler,* 353 S.C. 383, 388, 577 S.E.2d 498, 500 (Ct. App. 2003) (explaining that appellate review in Fourth Amendment search and seizure cases is "limited to determining whether any evidence supports the trial court's finding" (quoting *State v. Green,* 341 S.C. 214, 219 n.3, 532 S.E.2d 896, 898 n.3 (Ct. App. 2000))).  First, the recordings were admissible under the law enforcement exception because law enforcement monitored White's calls as part of its normal procedure and standard practices.  *See* 18 U.S.C. § 2511(1)(a), (prohibiting, in the absence of an exception, the interception of "any wire, oral or electronic communication" without a court order); 18 U.S.C. § 2510(5)(a)(ii) (defining the law enforcement exception as interception by "an investigative or law enforcement officer in the ordinary course of his duties").  Second, the recordings were admissible because White consented to having his calls recorded.  *See* 18 U.S.C. § 2511(2)(d) (defining the consent exception as when "one of the parties to the communication has given prior consent to such interception"); *United States v. Hammond,* 286 F.3d 189, 192 (4th Cir. 2002) (joining the First, Second, Eighth, and Ninth Circuits in concluding the consent exception applies to prisoners who are "required to permit monitoring as a condition of using prison telephones").

**AFFIRMED.**[2]

**WILLIAMS, C.J., THOMAS, J., and LOCKEMY, A.J., concur.**

---

[1] 18 U.S.C. §§ 2510-2523.

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.